# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CYNTHIA EASLEY, Individually
And as Administrator of the Estate
of CHRISTOPHER B. EASLEY,
Deceased,

           Plaintiff,           Case No. 02-C-1065

     v.

SGT. MICHAEL B. REUSSS,

           Defendant.

## OPINION AND ORDER

### I. FACTS

After Christopher Easley's death, Cynthia Easley, as administrator of her son's estate, filed two lawsuits seeking money damages for violations of her son's civil rights stemming from a standoff which ended when Easley was shot and killed by a Town of Geneva (Wisconsin) police officer. The first-filed lawsuit resulted in a judgment in favor of Defendants David Kirmsee, Edward Gritzner, Robert Linder, Keith Mulhollon, William W. Walser, Sean Borkhuis, Sgt. Farnsworth, Robert Craig, Jason Hinz, James Rozenski, City of Lake Geneva, Town of Geneva, Linn Township, and Walworth County. See Easley v. Kirmsee, Civil Action No. 01-C-938 (E.D. Wis. November 26, 2002), aff'd., 382F3d 693 (7th Cir. 2004). The instant lawsuit was brought against Sergeant Michael Reuss, a police officer of the City of Lake Geneva (Wisconsin). Sergeant Reuss was not a party to the first lawsuit. He did not shoot Christopher Easley, but was the highest ranking officer at the scene.

The factual background of this action was recounted by the Seventh Circuit Court of Appeals as follows:

> Geneva Township, Wisconsin, police officer, David Kirmsee, shot and killed Christopher Easley on October 26, 2000. The unfortunate incident occurred when Officer Kirmsee (and the other named defendant officers) responded to a call placed by Cynthia Easley asking for police help with her eighteen-year-old son, Christopher, whom Easley reported had just left her house brandishing a knife and bleeding profusely from self-inflicted knife wounds. Easley advised police that Christopher was both emotionally disturbed and intoxicated. Kirmsee and the other law enforcement officers who responded came upon Christopher, knife in hand, in the middle of a residential neighborhood. Kirmsee drew his weapon and attempted to convince Christopher to surrender, but the boy refused to drop the knife and instead raised the knife threateningly and advanced on Kirmsee. Initially Kirmsee attempted to retreat, but was forced to hold his ground when he discovered that he was on uneven and unfamiliar terrain, without a known route or path of escape. When Christopher continued to advance, and continued to ignore warnings to stop and drop the knife, Kirmsee fired his weapon at Christopher and hit him in the chest, fatally injuring him.
>
> After a lengthy inquest, a jury finding absolved Kirmsee of wrongdoing in the shooting.

Easley v. Kirmsee, 382 F.3d 693 (7th Cir. 2004).

Sergeant Reuss' role in this incident took place in the five minutes preceding the shooting. Cynthia Easley had placed a 911 call when her son Christopher fled from her house in the Town of Geneva brandishing a knife. The Walworth County Sheriff's Department radioed law enforcement personnel in the area to be on the lookout for Easley. Soon, Easley was spotted in the Edgewood Hills subdivision in the City of Lake Geneva by Officer William Walser. Walser radioed

Sergeant Reuss who immediately drove to the subdivision in his squad car. After arriving, Reuss observed Easley holding a knife and being confronted by Officer Walser. This was the first contact Sergeant Reuss had ever had with Christopher Easley. After refusing to drop his knife, Easley ran away and Sergeant Reuss decided to wait for backup. He wanted to secure the perimeter of the subdivision, so that Easley could be taken into custody. Officers from the Town of Linn, Geneva Township, and the Walworth County Sheriff's Department soon arrived. Five minutes after reaching the subdivision, Reuss was moving his car into position when he heard gunshots. He subsequently learned that Officer Kirmsee, who was employed by the Town of Lake Geneva, had shot Easley.[1]

## II. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is proper only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). When considering whether a genuine issue of material fact exists, a court must view all facts and make all inferences in favor of the nonmovant. See Matsushita Electric Industrial Company v. Zenith Radio Corporation, 475 U.S. 574, 587 (1986). In other words, summary judgment can be awarded only if no rational trier of fact could find for the non-moving party. See Rogers v. City of Chicago, 320 F.3d 748, 752 (7th Cir. 2003).

---

[1] The parties refer to the Town of Lake Geneva, Town of Geneva, and Geneva Township as one and the same municipality.

## III. **DISCUSSION AND DECISION**

### A. EIGHTH AMENDMENT CLAIMS

The Plaintiff has attempted to raise claims for relief for violations of his Eighth Amendment rights. The Eighth Amendment, however, protects only persons who have been convicted. See Kinney v. Indiana Youth Center, 950 F.2d 462, 465 (7th Cir.), cert. denied, 504 U.S. 959 (1992). Nothing in the record shows that Christopher Easley had been convicted, or incarcerated, or even arrested at the time of his death. "The Fourth Amendment applies to excessive force claims arising in the context of an arrest or investigatory stop, and protects against the use of force that is not 'objectively reasonable.'" Id. Therefore, the Easley claims brought under the Eighth Amendment will be considered as part of the Fourth Amendment claims.

### B. FOURTH AND FOURTEENTH AMENDMENT CLAIMS

The Easley estate is suing Sergeant Reuss in both his official and personal capacities for violating Easley's Fourth and Fourteenth Amendment rights.

#### *I. Official Capacity*

Because Reuss is a police officer, suing him in his official capacity is tantamount to suing a governmental unit. See Rasche v. Village of Beecher, 336 F.3d 588, 595 n.8 (2003). The Plaintiff, however, has failed to identify what governmental unit could be held liable for the Defendant's actions.[2] Cf. generally Milwaukee County v. Juneau County, 269 Wis. 2d 730, 676 N.W.2d 513 (Ct. App.), review denied, 271

---

[2] It is also unclear which claims the Plaintiff is making against Reuss in his official capacity.

4

Wis. 2d 109, 679 N.W.2d 545 (2004). Sergeant Reuss is employed by the City of Lake Geneva. The parties agree that the City of Lake Geneva requested the services of officers from other jurisdictions. The Walworth County Sheriff's Department also requested help. But, while the actions which led to this lawsuit took place within the City of Lake Geneva, Christopher Easley was shot and killed by a police officer from the Town of Lake Geneva.

The Defendant argues that any claims which the Easley estate has brought against him in his official capacity are precluded by the judgment entered in the prior case. In that prior lawsuit, which was based upon the same incident and injury to Christopher Easley, the court found that the City of Lake Geneva, the Walworth County Sheriff's Department, the Town of Lake Geneva and the Town of Linn were not liable to the Plaintiff. See Easley v. Kirmsee, Civil Action No. 01-C-938 (E.D. Wis. November 26, 2002), aff'd., 382 F.3d 693 (7th Cir. 2004). The prior judgment was not a default judgment.[3] Although the Plaintiff did not respond to the Defendants' summary judgment motion in that case, the court did not grant summary judgment solely because the Plaintiff did not respond. The court granted judgment on the merits. No material facts were in dispute and the court concluded that the Defendants were entitled to judgment as a matter of law. See Federal Rule of Civil Procedure 56(c). In any case, even a dismissal for failure to prosecute or to

---

[3] Nor was the prior judgment based upon "procedural irregularities," as characterized by the Plaintiff. See Easley v. Kirmsee, Civil Action No. 01-C-938 (E.D. Wis. November 26, 2002), aff'd., 382 F.3d 693 (7th Cir. 2004). The Plaintiff failed to respond to the summary judgment motion. The court granted judgment for the Defendants on the merits. Moreover, the Plaintiff did not appeal the judgment. The Plaintiff merely appealed this court's order refusing to vacate. See Id.

5

comply with a court order operates as an adjudication on the merits. See Federal Rule of Civil Procedure 41(b). See also Le Beau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir. 1989).

The application of res judicata or claim preclusion requires that the following three elements be met: (1) judgment on the merits in an earlier action; (2) identity of the parties or parties in privity in the two suits; and (3) identity of the cause of action in both suits. See Brzostowski v. Laidlaw Waste System, Inc., 49 F.3d 337, 338 (7th Cir. 1995); Kruckenberg v. Harvey, 279 Wis. 2d 520, 531, 694 N.W.2d 879, 885 (2005). In this case, as explained above, there is a prior judgment on the merits in the earlier action; Sergeant Reuss in his official capacity is in privity with the City of Lake Geneva; and both suits arose out of the same transaction. Having established all the elements of the preclusion defense, the Defendant is entitled to dismissal of all claims against him in his official capacity.

*2. Individual Capacity*

The remaining claims for violations of the Fourth and Fourteenth Amendment rights of Christopher Easley are brought against Sergeant Reuss in his individual capacity. In the Plaintiff's final pretrial report the Plaintiff alleges that Reuss:

> (a) failed to control his fellow officers and failed to order his fellow officers to stand down from Christopher B. Easley on October 26, 2000 when Christopher B. Easley, who Sergeant Reuss knew was emotionally unstable, was calmly remaining before Sergeant Reuss;
>
> (b) failed to control his fellow officers by failing to order

6

> his fellow officers to procure less than lethal force
> prior to pursuing or attempting to apprehend
> Christopher B. Easley; and
>
> (c) failed to protect Christopher Easley generally, and
> by failing to summon emergency medical personnel
> when Christopher B. Easley appeared to be inflicting
> wounds on himself with a knife.

Plaintiff Cynthia Easley's Pre-Trial Brief at 4.

The Defendant argues that he is entitled to qualified immunity from suit because he did not violate any clearly established law. When the affirmative defense of qualified immunity is raised, the Seventh Circuit has explained that:

> We engage in a two-part inquiry in civil rights actions to assess whether a defendant is entitled to qualified immunity. We first determine whether a plaintiff has alleged a deprivation of a constitutional right. The question is whether, taken in the light most favorable to the party asserting the injury, the facts show that the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If a constitutional right is violated, we next determine whether it was clearly established at the time of the alleged violation. Doyle v. Camelot Care Centers, Inc., 305 F.3d 603 (7th Cir. 2002). To be clearly established, the contours of the right must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (citation omitted). Recently the Court has cautioned that, for a right to be clearly established, it is not necessary that there be earlier cases with materially similar facts. Rather, "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2516, 153 L.Ed.2d 666 (2002).

7

Finsel v. Cruppenink, 326 F.3d 903, 906 (7th Cir. 2003).

(a) & (b)   *Failure to Control*

The Plaintiff claims that Sergeant Reuss violated Christopher Easley's Fourth and Fourteenth Amendment rights by failing to control the other officers. The Plaintiff contends that, because Reuss was the highest ranking officer at the scene, he was in charge of the law enforcement officers from multiple jurisdictions who responded to the call for backup at the Edgewood Hills subdivision. The Plaintiff, however, has not cited any provision of state law or regulation which would support this contention.

The first question under the qualified immunity analysis is whether the Plaintiff has alleged a violation of a constitutional right. The Easley estate alleges that Sergeant Reuss caused Easley to be subjected to excessive force.[4] The next question is whether Sergeant Reuss violated that right. Assuming, for purposes of resolving this motion, that Reuss was an *ad hoc* supervisor of the other officers who answered the call for help, the Plaintiff must show that Reuss personally participated in the violation; or that he directed others to violate Easley's rights; or that he, as the person in charge, had knowledge of, and acquiesced in his subordinate's violations. See Kernats v. O'Sullivan, 35 F.3d 1171, 1182-83 (7th Cir. 1994). The Plaintiff has introduced nothing into the record showing that Reuss personally participated in the

---

[4] The Plaintiff's Fourth and Fourteenth Amendment claims are analyzed by the same standard. See Kernats v. O'Sullivan, 35 F.3d 1171, 1182 (7th Cir. 1994).

8

shooting of Easley, or that he directed Officer Kirmsee to shoot him, or that he had knowledge of and acquiesced in Kirmsee's actions.[5]

The Plaintiff appears to be arguing that Reuss could have taken a number of steps to prevent Kirmsee from shooting Easley, in the five minutes after arriving at the subdivision. Even if Reuss was not a supervisor of the other officers involved in this incident, he could be held liable for failing to intervene. See Yang v. Hardin, 37F.3d 282. 295 (7th Cir. 1994). The Seventh Circuit has explained that:

> In *Brishke*, this court held that "one who is given a badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." 466 F.2d at 11. This responsibility to intervene applies equally to supervisory and nonsupervisory officers. *Id*. An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Anderson*, 17 F.3d at 556; *accord Byrd v. Clark*, 783 F.2d at 1006-07.

Id. The record is devoid of evidence that the Defendant committed a constitutional violation under this theory. In addition to the fact that this court has already found that Officer Kirmsee did not violate Easley's rights, there is nothing to raise an inference that Sergeant Reuss knew that Officer Kirmsee would shoot Easley and there is nothing to show that Reuss could have intervened to prevent the shooting.

---

[5] In the prior lawsuit, the court found that Officer Kirmsee had not violated Christopher's right not to be subjected to excessive force by a government actor. See Easley v. Kirmsee, Civil Action No. 01-C-938 (E.D. Wis. November 26, 2002), aff'd, 382 F.3d 693 (7th Cir. 2004).

9

He was out of sight of Christopher Easley when the shooting occurred, some 80 to 100 yards away from the scene, and was not in a position to assess the perceived threat to Kirmsee. In response to the Defendant's defense of qualified immunity, the Plaintiff has not cited any clearly established law which would have made it clear to a reasonable official that what Sergeant Reuss was doing was violating Easley's rights under the situation he confronted. See Saucier v. Katz, 533 U.S. 194, 201-02 (2001). In other words, it was not unreasonable for Reuss to spend his first few minutes at the scene securing the perimeter rather than taking the steps the Plaintiff speculates would have prevented the shooting. As a result, the court concludes that Sergeant Reuss is entitled to qualified immunity from suit in his personal capacity.

(c) *Failure to Protect*

The undisputed facts show that Christopher Easley had been cutting, or about to cut, himself with the knife that he was wielding. The claim that Sergeant Reuss had a duty to protect Christopher Easley from his own actions and to summon medical help does not state a claim for a violation of any constitutional right. There are no allegations that Sergeant Reuss created the danger to Easley from the knife. Police departments have no constitutional duty to protect private persons from injuring themselves where the police department has not itself created the danger. For the purpose of imposing section 1983 liability, the mere fact that Reuss did not intervene did not mean that he created the danger or made it worse. See generally Hernandez v. City of Goshen, 324 F.3d 535 (7th Cir. 2003).

The Plaintiff asserts that Sergeant Reuss knew that what the Plaintiff calls a "Medix" was enroute to the scene when Reuss arrived there. See Plaintiff's Proposed Findings of Fact at ¶ 45. This fact negates the estate's claim that Reuss should have summoned emergency medical personnel.

In sum, the Plaintiff has been unable to show that Sergeant Reuss violated Easley's constitutional rights by failing to protect him.

## ORDER

For the reasons explained above, the court ORDERS that "Sgt. Michael B. Reuss' Motion Pursuant to F.R.C.P. 56" (filed July 22, 2005) IS GRANTED. See Federal Rule of Civil Procedure 56(c).

IT IS FURTHER ORDERED that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> This action came on for hearing before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been heard and a decision having been rendered,
>
> IT IS ORDERED AND ADJUDGED
>
> that the Plaintiff Cynthia Easley, Individually and as Administrator of the Estate of Christopher B. Easley, Deceased, take nothing and that this action is dismissed upon its merits and that the Defendant Sgt. Michael B. Reuss recover of the Plaintiff his costs of this action.

11

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 15th day of December, 2005.

                                s/ Thomas J. Curran
                                Thomas J. Curran
                                United States District Judge